HENRY McKENNEY *versus* BENJAMIN F. WAITE.

The books of a person who had deceased, containing charges against the plaintiff in the action for payments made to him, the deceased not having acted as the agent or clerk of the defendant, or in his behalf, are not competent evidence for the defendant, to prove payments made by him.

Where a witness testifies to certain acts of the party, and states certain words spoken by him, and then states what he understood by the words spoken, and where the words spoken would not warrant the conclusion drawn by the witness, but the acts and words spoken, taken together, would justify it, and the verdict of the jury was in accordance with it; although the *opinion* of the witness was inadmissible, and ought to have been excluded, yet as the verdict was sustained by the evidence, the Court will not set it aside.

ASSUMPSIT, on an account annexed, for labor in logging in the woods, and getting the logs to the mills. At the trial before EMERY J. the plaintiff produced, with other evidence, the deposition of one Furlong, whose testimony is thus stated in the report of the case : — "He testified that Waite had employed him to river drive in the same crew with the plaintiff at $2,00 per day. This bargain was made at the bridge in Milltown, and at the same time that the defendant employed the witness; that the defendant remarked to him, the witness, "here is Mr. McKenney, who is also going. We went up and staid about two weeks, and came down on account of the fall of the water. The next day Mr. Waite got some more men, and told me to call on McKenney to go up again, which we did. I think McKenney worked about thirty days driving. *From Waite's words at the time he hired me, I understood that he hired McKenney, and was to pay him.*"

At the time of the taking, the defendant objected to the last sentence in the deposition, and renewed his objection at the time the deposition was offered at the trial. The Judge permitted this part of the deposition to be read with the rest. The substance of the other testimony on this point is given in the opinion of the Court.

The defendant filed a set-off, on which was this item : — "This amount paid by Simeon Bradbury, the person who had charge of the teams, but who has died since the commencement

of this suit, $60,00." To prove this, the defendant proposed to prove Bradbury's death, and that there were on his books, in his handwriting, charges to that amount against the plaintiff, and a memorandum of the time when the plaintiff commenced work, and of his wages per month. This was objected to by the plaintiff, and the Judge ruled that it was. inadmissible, unless offered on the ground that Bradbury was the agent of the defendant in making the payments. The defendant's counsel, denied that he was such, and the books were excluded. The defendant also offered some orders drawn by Bradbury for the payment of other men's labor, which did not appear ever to have been out of his possession. They were not admitted.

The verdict was for the plaintiff, subject to be set aside if the ruling of the Judge were erroneous.

*Bridges*, for the defendant, contended that the Judge erred both in admitting the portion of the deposition objected to, and in excluding the books of Bradbury. On the last point, he cited 1 Stark. Ev. 46, 78, 307 ; 1 Phil. Ev. 157, 196, 211 ; 14 Serg. & R. 275 ; 14 Maine R. 116, 201, 208. ·

*B. Bradbury*, for the plaintiff, said that the witness stated the words used by the defendant, and the circumstances attending the speaking of them, and his own conclusions drawn from them. If it was erroneous to admit his conclusions, it cannot affect the verdict, because he drew the same inference which the jury would have done.

The books would have been admitted, had they been offered as the books of an agent of the defendant. They were offered merely as the acts of a third person, unconnected with the parties, and were rightly rejected.

The opinion of the Court was by

WESTON C. J. —. The orders signed by Bradbury, and his books, were properly excluded. They were but statements in writing of a third person, without the sanction of an oath. Such statements of a deceased person are not generally to be received in testimony. There are exceptions to this rule, as

when they are made by a deceased clerk upon the books of his employer, or made in some official character ; but they do not embrace this case.

The case finds, that the defendant was the owner of the land, from which the logs were cut, upon which the plaintiff was employed, that he owned the teams, and that the timber was to remain his property, until he was paid for his claims and advances.   It further appears, that Simeon Bradbury, who had contracted to buy the timber at a stipulated price, and who had charge of the teams, was deeply insolvent, and there was evidence tending to prove, that Bradbury could not obtain laborers on his personal responsibility.   The defendant, retaining a lien on the property, had hired the deponent, Furlong, as a laborer in the prosecution of the business, undertaken by Bradbury.   When he made a bargain with the deponent, he said "here is Mr. McKenney, who is also going." After they had labored about two weeks, the defendant got some more men, and told the deponent to call on Mr. McKenney to go up again, which he did, working in all about thirty days.

The part of the deposition objected to is, that from the defendant's words, at the time he hired the deponent, he understood that he hired the plaintiff and was to pay him.   How far the defendant was to be held liable, by reason of the words used, was a question for the jury, and they could not be extended beyond their just meaning, whatever might have been his understanding.   If however he gave their import fairly, connected with the facts, it would furnish no sufficient ground for setting aside the verdict.   It is very apparent, that the words themselves, if the defendant had no connection with the business, are not evidence of any assumption of liability on his part.   But taken in connection with the subject matter and the acts and declarations of the defendant, the deponent might well have understood, that the defendant hired and was to pay the plaintiff.

The deponent says he so understood the words used ; but the acts of the defendant and the subject matter must have been connected in his mind with the words, to produce this

understanding. And we cannot say, that taken together, they do not justify this deduction. The timber remained the property of the defendant. The labor of the plaintiff gave it an additional value. Bradbury was insolvent and consequently without credit. The deponent was employed by the defendant, and looked to him for payment. He said McKenney was also going, and he was sent again by the defendant, through the agency of the deponent. The latter understood the defendant hired and was to pay him. The whole matter was left to the jury. They had all the data, from which this conclusion was drawn. And although we are of opinion, that the answer of the deponent objected to, ought not to have been received, yet it does not furnish sufficient ground to disturb the verdict, which, in our judgment, is sustained by evidence in the case, which is unexceptionable.